IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RANDY ADAM HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA, CHRISTIE COBBON, BILLIE RIECH, BEN BOULEY, B. BEISON, C/O JOHNSON, WARDEN ACTON, C/O FARMSTEAD, DHO PENTLIN, PAUL LUCIER, JESSICA CONELL, SCOTT CATEY, CANDYCE NEUBAUER, and LEONARD MIHELICH,<br><br>Defendants. | CV 13-0039-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Harris alleges he was strip searched, disciplined, and retaliated against in violation of his constitutional rights. (Complaint, Doc. 2; Amended Complaint, Doc. 14.) He seeks both monetary damages and injunctive relief. The prior prescreening Order concluded that the original Complaint failed to state a claim because all the defendants were entitled to either Eleventh Amendment immunity or qualified immunity from monetary damage claims. (Doc. 9.) Mr. Harris was given an opportunity to amend his Complaint to clarify his request for injunctive relief and, if he wished, to attempt to state a claim for monetary damages against a

1

non-immune defendant.

In the Amended Complaint, Mr. Harris has not corrected the deficiencies set forth in the Court's prior Order, and Mr. Harris is no longer in prison so his claims for injunctive relief are moot. This matter should be dismissed.

## JURISDICTION

Mr. Harris filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper as he was incarcerated in, and alleges wrongs committed in, Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Complaint and Amended Complaint allege violations under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. §§ 1331, 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

When he filed the Complaint and Amended Complaint, Mr. Harris was a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from

2

such relief.  If so, the Complaint must be dismissed.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Mr. Harris's initial Complaint failed to state a claim upon which relief could be granted, and Mr. Harris had an opportunity to file an amended complaint, which he has now done.  (Doc. 14.)

This is the review of the Amended Complaint.  The legal standards and factual allegations applicable to this review were set forth in the Court's January 22, 2014 Order (Doc. 9) and will not be repeated herein.

## ANALYSIS

Mr. Harris's Complaint failed to state a claim because it did not plausibly allege the essential elements of any claim against a defendant who was not immune from suit.  Mr. Harris had the opportunity to amend his Complaint to explain the type of injunctive relief he sought and attempt to state a claim for monetary damages against a non-immune defendant.  The Amended Complaint restates the allegations of the original Complaint in slightly more detail, but for the reasons set forth in the Court's prior Order, the allegations are insufficient to plausibly allege a claim against any defendant who is not immune.

Although he was given an opportunity to amend his claims for injunctive relief, Mr. Harris is no longer in prison.  (Notice of Change of Address, Doc. 15.)  The Ninth Circuit has held that a plaintiff may not be awarded injunctive relief

3

relative to a facility where he is no longer incarcerated if there is no reasonable expectation that he will be housed there again in the near future. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990). Because he has demonstrated no reasonable expectation of returning to Montana State Prison, any claims for injunctive relief are moot.

Accordingly, this matter should be dismissed for failure to state a claim.

## "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Harris failed to state a claim. This case should be a strike under 28 U.S.C. §1915(g).

## Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint and Amended Complaint are frivolous as they lack arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Mr. Harris must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. Mr. Harris's Complaint (Doc. 2) and Amended Complaint (Doc. 14) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Harris failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant case is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Harris may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

6

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 17th day of October, 2014.

       /s/ Keith Strong
       Keith Strong
       United States Magistrate Judge