IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED

DEC 0 1 2014

Clerk, U.S. District Court
District Of Montana
Missoula

RANDY ADAM HARRIS,

     Plaintiff,

  vs.

LARRY PASHA, CHRISTIE COBBON,
BILLIE RIECH, BEN BOULEY, B.
BESION, C/O JOHNSON, WARDEN
ACTON, C/O FARMSTEAD, DHO
PENTLIN, PAUL LUCIER, JESSICA
CONELL, SCOTT CATEY, CANDYCE
NEUBAUER, and LEONARD
MIHELICH,

     Defendants.

CV 13–39–H–DWM–RKS

ORDER

This matter comes before the Court on Plaintiff Randy Adam Harris'
Complaint that he was strip searched, disciplined, and retaliated against in
violation of his constitutional rights. Magistrate Judge Keith Strong entered
findings and recommendations on October 17, 2014, recommending the Court
dismiss the Complaint and Amended Complaint for failure to state a claim upon
which relief may be granted and that this dismissal should count as a strike
pursuant to 28 U.S.C. § 1915(g).

Harris has not filed objections to Judge Strong's Findings and

1

Recommendations. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Strong's determination that Harris has failed to state a claim. A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Harris' claim does not meet this standard as the defendants from which he seeks monetary relief are immune from suit under the Eleventh Amendment. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (asserting that a public official performing discretionary function has qualified immunity so long as his conduct does not violate clearly established federal law of which a reasonable person would have known). Further, Harris has not corrected the deficiencies set forth in the Judge Strong's prior Order and is still has not amended his claim for monetary damages to include a non-immune defendant.

Harris has also failed to state a claim for injunctive relief. In the screening order, Judge Strong held that Harris may have had a claim for injunctive relief. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) (suits seeking injunctive relief against state officers in their individual capacities fall within an exception to Eleventh Amendment immunity). A Plaintiff may not be awarded injunctive relief to a facility where he is no longer incarcerated if there is no reasonable expectation that he will be housed there again in the near future. *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir. 1990). Harris has demonstrated no reasonable expectation of returning to Montana State Prison, so his claim for injunctive relief is moot.

Accordingly, IT IS ORDERED:

1.     The Findings and Recommendation (Doc. 16) are ADOPTED IN FULL.

2.     Mr. Harris's Complaint (Doc. 2) and Amended Complaint (Doc. 14) are DISMISSED.

3.     The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.     The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Harris failed to

3

state a claim upon which relief may be granted.

4.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant case is frivolous as it lacks arguable substance in law or fact.

Dated this ___ day of December, 2014.

_____
Donald W. Molloy, District Judge
United States District Court